UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| METROPOLITAN LIFE<br>INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 10-3371 |
| JOAN DERBIGNY ET AL. | MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

### ORDER AND REASONS ON MOTION

Plaintiff, Metropolitan Life Insurance Company, commenced this interpleader action and deposited into the registry of the court the proceeds from a life insurance policy that it had issued to decedent, Ronald Landry ("Mr. Landry"). Metropolitan was then dismissed from the action by the presiding district judge. Record Doc. No. 19. The issue remaining for determination is which of three beneficiary designation forms signed by Mr. Landry during his lifetime is valid. The valid form will dictate which of two competing sets of claimants is entitled to the insurance proceeds.

This matter was referred to the undersigned magistrate judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon written consent of all parties. Record Doc. Nos. 27, 54.

Defendants in interpleader, claimants Joan Derbigny and Shannon Derbigny Spann (the "Derbigny claimants"), filed a motion for summary judgment. Record Doc. No. 41.

The motion is supported by several affidavits and the report of an expert psychologist, based on the expert's review of Mr. Landry's medical records and other sources.

Mr. Landry's daughters, defendants in interpleader and claimants, Tamala and Tiffany Landry (the "Landry claimants"), filed a timely written memorandum in opposition. Record Doc. No. 48. Their memorandum is supported by affidavits and by two expert reports, which are also based on the experts' review of the medical records and other sources.

The Derbigny claimants received leave to file a reply memorandum. Record Doc. Nos. 49, 50, 51.

The Derbigny claimants argue that the latest beneficiary form, dated December 10, 2003, which named Mr. Landry's sister, Joan Derbigny, as the sole beneficiary of his life insurance policy, is valid and controlling. The Landry claimants respond that both the December 10, 2003 form and an earlier form dated October 8, 2003, which named Joan Derbigny and Shannon Derbigny Spann as co-beneficiaries, are invalid. Thus, the Landry claimants contend that they are entitled to the insurance proceeds, either because of the beneficiary designation form that Mr. Landry signed in 1989, or by operation of law.

The question underlying the validity of the December 10, 2003 form (or the October 8, 2003 form, if the later one is not valid) is whether Mr. Landry was mentally competent to sign the form or, in other words, whether he understood what he was

signing and its consequences.  The Landry claimants in their opposition also raise the issue whether Mr. Landry was subjected to undue influence by Joan Derbigny, who was his caretaker from about March 2003 until 2006, when he entered a nursing home.

The anecdotal, medical and expert evidence indicates that Mr. Landry suffered from multiple medical and psychological problems after 2000, including dementia that was not specifically diagnosed until 2006.  Mr. Landry was never legally interdicted or otherwise judicially declared incompetent.

The Derbigny claimants have not carried their burden to show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  On the contrary, numerous material facts are in dispute, including the following.

The medical experts on the two sides have rendered conflicting opinions as to whether Mr. Landry suffered from continuous or merely intermittent lack of lucidity during late 2003, and specifically as to whether he was sufficiently lucid on December 10, 2003 to understand what he was signing.  The medical evidence cited by the experts is by no means conclusive and contains elements that in some respects support either opinion.  Such conflicts must be resolved in favor of the non-moving parties, the Landry claimants, on summary judgment.  <u>Murray v. Earle</u>, 405 F.3d 278, 284 (5th Cir. 2005).

The Derbigny claimants have submitted affidavits by several eyewitnesses to the October 8 and December 10, 2003 signings.  The affidavits contain conclusory (and in the case of the Derbigny claimants themselves, self-serving) opinions that Mr. Landry was lucid and understood what he was doing on those dates, but most of the affidavits do not state any particular facts on which those lay opinions are based.  The affidavits and other evidence proffered by the Landry claimants include evidence concerning Mr. Landry's actions and statements over the preceding months and years from which an inference could be drawn that he was incompetent prior to December 10, 2003.  A resolution of the fact disputes in this matter will require credibility determinations that the court cannot make on the summary judgment record.  Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986); Avdeef v. Rockline Indus., Inc., 404 F. App'x 844, 845 (5th Cir. 2010); Deville v. Marcantel, 567 F.3d 156, 165 (5th Cir. 2009).

Accordingly, I find that genuine issues of material fact requiring trial preclude summary judgment in this case.  The final pretrial conference will be held as scheduled on 2:30 p.m. on October 27, 2011.  The parties must be prepared in accordance with the final Pretrial Notice attached to Record Doc. No. 20. Trial will commence on

November 21, 2011 at 10:00 a.m. before the undersigned Magistrate Judge without a jury.

New Orleans, Louisiana, this \_\_\_27th\_\_\_ day of October, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE